Filed 3/20/26  P. v. Johnson CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>LAMIN JOHNSON,<br><br>     Defendant and Appellant. | B343067<br>(Los Angeles County<br> Super. Ct. No. GA030918) |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Eleanor J. Hunter, Judge.  Dismissed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and Deepti Vaadyala, Deputy Attorney General, for Plaintiff and Respondent.

Defendant Lamin Johnson appeals from an order denying his postjudgment motion to reconsider a restitution fine previously imposed under Penal Code section 1202.4.[1] We dismiss.

## BACKGROUND

In 1999, defendant was convicted of 18 felony offenses (e.g., §§ 187, subd. (a), 664/187, subd. (a), 591, 487, subd. (d), 459, 236, 664/215, subd. (a), 211, 12023; Veh. Code, § 10851, subd. (a)) and one misdemeanor offense (Veh. Code, § 10852) with various special circumstances (§ 190.2, subd. (a)(17)(G)) and sentence enhancements (e.g., §§ 12022, subd. (a)(1), 12022.5, subd. (a)(1)). He was sentenced to life without the possibility of parole plus 19 years and ordered to pay a $10,000 restitution fine under section 1202.4, subdivision (b). A different panel of this court affirmed the judgment. (See *People v. Johnson* (June 18, 2002, B137441) [nonpub. opn.].)

On November 19, 2024, defendant filed a postjudgment motion to reconsider the amount of restitution imposed and requested a hearing on his ability to pay. The same day, the court found it lacked jurisdiction and denied the motion. Defendant appealed.

## DISCUSSION

While this appeal was pending, the Legislature added the following provision to section 1465.9: "Upon the expiration of 10 years after the date of imposition of a restitution fine pursuant to

---

[1]     All unspecified references to statutes are either to the current or earlier version of the Penal Code, or to the present identical or renumbered version.

Section 1202.4, the balance, including any collection fees, shall be unenforceable and uncollectible and any portion of a judgment imposing those fines shall be vacated." (§ 1465.9, subd. (d), as enacted by Assem. Bill No. 1186 (2023–2024 Reg. Sess.); see Stats. 2024, ch. 805, §1.) Defendant contends we may provide him relief under this ameliorative provision "regardless of the finality" of the underlying judgment by construing his appeal as a petition for writ of habeas corpus. (Citing *People v. King* (2022) 77 Cal.App.5th 629, 640 (*King*) [defendant may remedy illegal sentence by habeas petition, not freestanding motion]; *People v. Segura* (2008) 44 Cal.4th 921, 925, 928, fn. 4 [construing appeal from nonappealable order as habeas petition to confirm absence of trial court jurisdiction to modify term of plea agreement].) The Attorney General concedes defendant is eligible for relief under section 1465.9, subdivision (d), but does not address this court's jurisdiction.

We must dismiss this appeal. "[A] freestanding motion challenging an incarcerated defendant's sentence is not a proper procedural mechanism to seek relief. A motion is not an independent remedy, but must be attached to some ongoing action." (*King, supra,* 77 Cal.App.5th at p. 640.) Defendant's reconsideration motion, filed before the effective date of section 1465.9, subdivision (d), was not filed in an ongoing action. "And, '[i]f the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable, and any appeal from such an order must be dismissed.' [Citations.]" (*Id.* at p. 634.) Defendant may timely assert his claim under section 1465.9, subdivision (d) by meeting "the requirements for habeas corpus relief" in the trial court below. (*Id.* at p. 641.)

3

## DISPOSITION

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


MORI, J.

We concur:


COLLINS, Acting P. J.


TAMZARIAN, J.